SUMMARY ORDER

Petitioner Min Hui Chen, a native and citizen of the People’s Republic of China, seeks review of a September 26, 2008 order of the BIA denying her motion to reopen. In re Min Hui Chen, No. A77 308 835 (B.I.A. Sept. 26, 2008). We assume the parties’ familiarity with the un~ *52 deifying facts and procedural history of this case.
As a preliminary matter, we note that Chen waives any challenge to the BIA’s finding that she failed to demonstrate that she exercised due diligence in pursuing her claim of ineffective assistance of counsel. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Accordingly, we review only the BIA’s finding that Chen failed to demonstrate changed country conditions excusing the procedural limitations for filing her motion to reopen.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). There is no dispute that Chen’s second motion to reopen, which was filed more than four years after the agency issued a final order of removal, was number-barred and untimely. See 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limit for filing a motion to reopen if it is “based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding.” 8 C.F.R. § 1003.23(b)(4)(i). The BIA reasonably found that Chen’s motion to reopen did not qualify for such an exception.
Indeed, the BIA properly found that Chen failed to establish changed country conditions based on the birth of her U.S. citizen children or her newly commenced practice of Falun Gong. See Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005)(per curiam). Moreover, contrary to Chen’s argument, the BIA did not abuse its discretion in according a U.S. Department of State report more weight than the unauthenticated Notice from her mother’s village committee. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 148-49 (2d Cir.2007); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006). Nor did the BIA err by concluding that the village committee’s alleged recent discovery of Chen’s activities in the United States and decision to act on such knowledge under the Chinese government’s continuing policy did not constitute changed country conditions excusing the procedural limitations for filing her motion to reopen. See Wei Guang Wang v. BIA, 437 F.3d 270, 274 (2d Cir.2006).
For the foregoing reasons, the petition. for review is DENIED. Having completed our review, we DISMISS the petitioner’s pending motion for a stay of removal as moot.