SUMMARY ORDER

Duan Ying Huang (“Huang”) argues that the Board of Immigration Appeals (“BIA”) abused its discretion in denying her third motion to reopen removal proceedings. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
*215 Because this motion to reopen was filed more than ninety days after the BIA’s affirmance of the Immigration Judge’s (“IJ”) order of deportation, we can grant relief only if the motion is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(ii).
Changed country conditions must be distinguished from changed personal circumstances. See Guan v. Bd. of Immigration Appeals, 345 F.3d 47, 49 (2d Cir.2003) (per curiam). A self-induced change in personal circumstances, such as having children in the United States, does not amount to changed country conditions, Wang v. Bd. of Immigration Appeals, 437 F.3d 270, 274 (2d Cir.2006), and is insufficient to allow reopening removal proceedings. See id.
Huang’s third motion to reopen contended that she “made out a showing of changed country circumstances in China.” In support of her claim that “[t]he instant motion to reopen should not be barred by the time and number limitation on [a] motion to reopen based on a showing of changed country circumstances,” Huang alleged:
some Chinese visitors to the United States from the respondent’s home village have witnessed the respondent’s participation in Falun Gong gatherings and demonstrations in the New York City and learned that she is presently again pregnant. And based on their report, officials in the respondent’s hometown eventually had information as to the respondent’s involvement in Falun Gong activities in the United States, including her open appearance on a Falun Gong TV interview challenging the Chinese authorities!’] policy, and her third pregnancy as well, which thereby triggered the authorities’ intention to persecute and punish the respondent. The threat of persecution that the respondent currently faces is beyond her control and also objectively corroborated by the supporting documents. Hence, these new actions taken by the authorities in China toward the respondent should constitute a changed [sic] in country conditions in China bearing on the respondent’s eligibility for asylum so that the instant motion may thereby be exempted from the procedural restrictions governing thereof.
The BIA found that the supporting evidence (1) was duplicative of that which she presented in earlier proceedings, (2) did not establish a material change in China, and (3) was unreliable. In so holding, the BIA did not abuse its discretion.
Huang affirmatively alleges that she “witnessed the Chinese authorities!’] crackdown in Falun Gong in China since July 1999, [and] she has always felt that the Chinese authorities’ suppression and persecution of the Falun Gong movement was unjustified, and that she was also very supportive of the Falun Gong movement.” Huang therefore recognizes that the Chinese were persecuting Falun Gong adherents at least as far back as 1999 — three years before the BIA’s dismissal of her appeal. She thus concedes that the persecution of the Falun Gong cannot properly be considered a changed country condition.
She argues, nevertheless, that “regardless of whether the Chinese government’s treatment of Falun Gong members ha[s] changed, the fact remains that Huang has presented changed circumstances in China relating to the authorities!’] intention to persecute her.” (emphasis added). But *216 Huang’s claims — if believed — might establish that as to her the Chinese government became more threatening. She presented no persuasive evidence, however, of any new developments between 2002 (when the BIA affirmed the IJ’s decision) and 2009 concerning Chinese repression and persecution for unauthorized childbirth and/or Falun Gong participation.
For example, in her third motion to reopen, Huang offered the State Department’s China Profile as support for her claim of changed country conditions. The BIA found that the Profile did “not show a material change in country conditions” but instead reflected “conditions substantially similar to those that existed at the time of’ Huang’s hearing. In her brief to this Court, Huang does not challenge the BIA’s finding on its merits, but instead argues that the BIA erred by demonstrating “complete and uncritical acceptance” of the information in the Profile (evidence which she herself presented). It is also telling that Huang does not argue in this Court that the Profile does, in fact, demonstrate changed country conditions.
Finding no merit in Huang’s remaining arguments, we hereby DENY her petition for relief.