10-3482-ag
Zeng v. Holder

BIA
A077 993 929

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of July, two thousand twelve.

PRESENT:
JOHN M. WALKER, JR.,
ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges.*

_____

CHANG FAN ZENG,
*Petitioner,*

v.                                        10-3482-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Chang Fan Zeng, a native and citizen of the People's Republic of China, seeks review of an August 3, 2010 decision of the BIA denying his motion to reopen. *In re Chang Fan Zeng*, No. A077 993 929 (B.I.A. Aug. 3, 2010). We assume the parties' familiarity with the underlying facts and proceedings, which we reference only as necessary to explain our decision to grant the petition.

We review the BIA's denial of Chen's motion to reopen for abuse of discretion, *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006), and the BIA's determination of changed country conditions for substantial evidence, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). An alien must file a motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although Chen's motion was indisputably untimely because it was filed more than five years after the agency's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), there is no time limitation for filing a motion to reopen if it is "based on changed

2

country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

In finding that Zeng did not demonstrate changed country conditions, the BIA found that a village committee notice and an affidavit from Zeng's parents purportedly showing that the Chinese government had become aware of his practice of Falun Gong and had summoned him home for punishment did not suffice because "[t]he fact that the Chinese Government may have become aware of [Zeng]'s changed personal circumstances does not constitute a change in its policy toward Falun Gong practitioners and supporters, which remains the same." C.A.R. at 4. Zeng maintains, to the contrary, that these facts evidence "changed circumstances arising in the country of nationality" sufficient to excuse the untimeliness of his motion. 8 C.F.R § 1003.2(c)(2). We have not addressed in a precedential decision the issue raised here, *i.e.*, whether a change that pertains to a particular individual in his home country, as opposed to a

3

general change in policy, is sufficient to establish the "changed country conditions" necessary to excuse the 90-day time limitation on motions to reopen. While we have summarily concluded that "[h]ighly localized persecution . . . generally will not be considered to be a changed country circumstance," *Mindeng Zheng v. Holder*, No. 10-2289-ag, 2012 WL 718040, at *4 n.7 (2d Cir. Mar. 7, 2012) (summary order); *see Duan Ying Huang v. Holder*, 358 F. App'x 214, 215-16 (2d Cir. 2009) (summary order); *Min Hui Chen v. Holder*, 331 F. App'x 50, 52 (2d Cir. 2009) (summary order), sister courts appear to have ruled otherwise in published decisions, *see Xiu Zhen Lin v. Mukasey*, 532 F.3d 596, 597 (7th Cir. 2008) (Posner, J.); *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1320 (11th Cir. 2009); *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1258 (11th Cir. 2009); *see also Joseph v. Holder*, 579 F.3d 827, 834 (7th Cir. 2009) (holding that "plain language of the regulation . . . does not restrict the concept of 'changed circumstances' to some kind of broad social or political change . . . as opposed to a more personal or local change"). Rather than decide the issue conclusively on the record in this case, we think it prudent to remand to the BIA so that the agency may decide in the

4

first instance whether it credits the evidence Zeng offered to support his motion.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).  If it were not to do so, that may provide an independent reason for denial of the motion, making it unnecessary for the agency or this court to address the question identified.  If it were to do so, however, the agency should then explain how, if at all, its construction of changed country conditions differs from that stated by the Seventh and Eleventh Circuits.

For the foregoing reasons, the petition for review is GRANTED and the case REMANDED to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5