10-3121-ag
Chen v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve,

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                      *Circuit Judges*.
_____

SHIN GUO CHEN, AKA SHIN KUO, AKA YING CHEN,

                     *Petitioner*,

          -v-                                        10-3121-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY
GENERAL,

                     *Respondent*.
_____

Appearing for Petitioner:     Michael A. O. Brown, Law Offices of Michael Brown, New York, N.Y.

Appearing for Respondent:     Siu P. Wong, Trial Attorney, U.S. Department of Justice, (Terri J. Scadron, Assistant Director, and Tony West, Assistant Attorney General, *on the brief*), Washington, D.C.

Petition for review of an order of the Board of Immigration Appeals ("BIA").

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED** and the case is **REMANDED** for further proceedings.

Shin Guo Chen petitions for review of a decision by the Board of Immigration Appeals denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Chen argues on appeal that the BIA erred by denying his motion to reopen because the evidence he submitted in support of his motion was sufficient to demonstrate "changed country conditions" in China that would excuse his otherwise untimely filing of his motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(ii). In support of his claim that conditions in China had changed, Chen submitted a notice from a village committee in China as well as a letter from his mother, both of which suggested that Chinese government officials had attempted to locate Chen in an effort to punish him for his association with Falun Gong.

We note that the Second Circuit has "not addressed in a precedential decision the issue raised here, *i.e.*, whether a change that pertains to a particular individual in his home country, as opposed to a general change in policy, is sufficient to establish the 'changed country conditions' necessary to excuse the 90-day time limitation on motions to reopen." *Zeng v. Holder*, No. 10-3842-ag, 2012 WL 2759801, at *1 (2d Cir. July 10, 2012) (summary order).

We, however, see no reason to decide the matter without first providing the BIA with an opportunity to determine whether the evidence provided by Chen in support of his motion to reopen was credible. *See id.* ("Rather than decide the issue conclusively on the record in this case, we think it prudent to remand to the BIA so that the agency may decide in the first instance whether it credits the evidence [the petitioner] offered to support his motion. If it were not to do so, that may provide an independent reason for denial of the motion, making it unnecessary for the agency or this court to address the question identified." (citation omitted)).

If the BIA determines that Chen's evidence in support of his motion to reopen is credible, the BIA should address whether such evidence—that is, evidence that government officials have targeted a particular individual for punishment—constitutes "changed country conditions" within the meaning of federal law. 8 U.S.C. § 1229a(c)(7)(C)(ii). *Compare Zheng v. Holder*, 465 F. App'x 35, 41 n.7 (2d Cir. 2012) (summary order) ("Highly localized persecution . . . generally will not be considered to be a changed country circumstance sufficient to excuse an untimely asylum petition."), *with Joseph v. Holder*, 579 F.3d 827, 834 (7th Cir. 2009) ("The plain language of the regulation . . . does not restrict the concept of 'changed circumstances' to some kind of broad social or political change in the country, such as a new governing party, as opposed to a more personal or local change.").

Accordingly, the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this order. The pending motion for a stay of removal is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk