Jiang v. Lynch

BIA
Nelson, IJ
A073 620 240

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of August, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
>> *Chief Judge,*
> ROSEMARY S. POOLER,
> DENNY CHIN,
>> *Circuit Judges.*

_____

CHUNHUA JIANG, AKA LONG SHENG JIANG,
> *Petitioner,*

v.                                                        13-2618
                                                         NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael Brown, PC, New York, NY.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; David V. Bernal, Assistant Director; Lindsay W. Zimliki, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Chunhua Jiang, a native and citizen of China, seeks review of a June 21, 2013 order of the BIA, affirming the December 3, 2012 decision of an Immigration Judge ("IJ"), which denied his motion to reopen as untimely. *In re Chunhua Jiang*, No. A073 620 240 (B.I.A. June 21, 2013), *aff'g* No. A073 620 240 (Immig. Ct. N.Y. City Dec. 3, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, *i.e.*, minus the bases for denying relief that were not relied upon by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

We review the BIA's decision affirming an IJ's denial of a motion to reopen for abuse of discretion. *Iavorski v.*

*INS*, 232 F.3d 124, 128 (2d Cir. 2000); *see Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam).  An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered.  *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).  There is no dispute that Jiang's 2012 motion was untimely because his order of removal became final in 1997.  *See* 8 U.S.C. § 1101(a)(47)(B)(ii).  Jiang contends, however, that the Chinese government's awareness of his religious activities in the United States, and its corresponding threats, and generally worsened conditions for underground church members in China, constitute materially changed conditions excusing the untimeliness of his motion.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in finding that Jiang failed to demonstrate a material change in country conditions on the basis of his generalized evidence.  "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those

3

that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. &N. Dec. 247, 253 (B.I.A. 2007). However, as the BIA observed, Jiang failed to support his motion with any evidence of conditions for underground church members at the time of his 1997 merits hearing. He was therefore unable to demonstrate materially changed conditions on the basis of his generalized evidence. *See id.*

Whether Jiang established materially changed country conditions based on his individualized evidence is a closer question. The BIA found that the government's awareness of Jiang's religious activities in the United States, and its corresponding threats, were changes in Jiang's personal circumstances. The BIA has not, however, addressed in a precedential decision whether a change that pertains to a particular individual in his home country, as opposed to a general change in policy, is sufficient to establish the "changed country conditions" necessary to excuse the 90-day time limitation on motions to reopen. Nor have we addressed the question in a precedential decision. *See*, *e.g., Chang Fan Zeng v. Holder*, 487 F. App'x 643, 644-45 (2d Cir. 2012). Moreover, there is some ambiguity in the statute and regulation, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 U.S.C. §

1003.2(c)(2), and other circuits apparently have found changed country conditions based in part on changed personal circumstances. *See, e.g., Joseph v. Holder*, 579 F.3d 827, 834 (7th Cir. 2009); *Mei Ya Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1320 (11th Cir. 2009). In light of these circumstances, we remand to the BIA. When reviewing a non-precedential BIA decision, we have often remanded so that "the BIA [can] by published opinion interpret a statute it is charged with enforcing." *Dobrova v. Holder*, 607 F.3d 297, 300 (2d Cir. 2010); *see also Jian Hui Shao v. BIA*, 465 F.3d 497, 502-03 (2d Cir. 2006). One of the many reasons for this procedure is that "any effort expended by us interpreting the statute would be for nought should the BIA subsequently reach a different, yet reasonable, interpretation." *Jian Hui Shao*, 465 F.3d at 502; *see also Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 116-17 (2d Cir. 2006) (setting forth numerous factors in favor of remand).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case is REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is

5

VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk