Zhang v. Lynch

BIA
A097-745-572

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand sixteen.

PRESENT:
　　　　ROSEMARY S. POOLER,
　　　　ROBERT D. SACK,
　　　　GERARD E. LYNCH,
　　　　　　*Circuit Judges.*

_____

LIANG SHUI ZHANG,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　13-208
　　　　　　　　　　　　　　　　　NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL[1],
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Oleh R. Tustaniwsky, Brooklyn, NY.

---

[1] Loretta E. Lynch, is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:** Stuart F. Delerey, Assistant Attorney General; William C. Peachey, Assistant Director; Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Liang Shui Zhang, a native and citizen of the People's Republic of China, seeks review of December 31, 2012, decision of the BIA denying his motion to reopen. *In re Liang Shui Zhang*, No. A097 745 572 (B.I.A. Dec. 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

There is no dispute that Zhang's motion to reopen, filed four years after the conclusion of removal proceedings, was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered); *see also* 8 C.F.R. § 1003.2(c)(2) (same). Accordingly, to obtain reopening in order to apply for asylum based on his political activities in the United States, Zhang was

2

required to establish a change in conditions in China. 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3).

Zhang's principal argument is that the Chinese government's awareness of his affiliation with the Party for Freedom and Democracy in China constitutes "changed country conditions" within the meaning of § 1229a(c)(7)(C)(ii). It is an open question "whether a change that pertains to a particular individual in his home country, as opposed to a general change in policy, is sufficient to establish the 'changed country conditions' necessary to excuse the 90-day time limitation on motions to reopen." *Chang Fan Zeng v. Holder*, 487 F. App'x 643, 644 (2d Cir. 2012) (summary order). We decline to reach the legal issue of whether the Chinese government's awareness of Zhang's activities can satisfy the changed conditions requirement. Instead, we find no error in the BIA's determination that Zhang's evidence was not entitled to weight.

We generally defer to the agency's factual findings. *See Xiao Ji Chen v. DOJ*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the

3

discretion of the agency); *see also Castro v. Holder*, 597 F.3d 93, 99 (2d Cir. 2010) ("This standard requires a certain minimal level of analysis . . . as well as some indication that the [agency] considered material evidence supporting a petitioner's claim." (internal quotation marks omitted)).  Zhang offered a letter from his father attesting to purported threats by Chinese authorities related to Zhang's political activity; the opinion of Ni Yuxian, the Chairman for the PFDC who resides here in the United States, regarding what he believed would happen to Zhang in China; and several documents and photographs demonstrating Zhang's membership in the PFDC.  The BIA determined this evidence was not persuasive.

The BIA did not abuse its discretion in finding that the letter from Zhang's father was not "of sufficient evidentiary worth to support reopening these proceedings." *See Matter of H-L-H & Z-Y-Z-*, 25 I.& N. Dec. 209, 215 (BIA 2010) (giving diminished evidentiary weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).[2]

---

[2] In *Chang Fan Zeng v. Holder,* 487 F. App'x 643 (2d Cir. 2012), and *Shin Guo Chen v. Holder,* F. App'x 659 (2d

Furthermore, it was not error for the BIA to decline to rely on the opinion proffered by Ni, because, as it noted, he was not resident in China, lacked any personal knowledge as to the treatment of political dissidents there, and provided no basis upon which the agency could infer that he was qualified as an expert on such matters.

The BIA's rejection of the documents demonstrating Zhang's involvement in the PFDC was conclusory: it stated that they "have not been authenticated pursuant to 8 C.F.R. § 1287.6, nor in any other manner, and are not considered genuine, authentic, and objectively reasonable evidence." Arguably, this was an abuse of discretion. *See Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir. 1992) ("When faced with cursory, summary or conclusory statements from the BIA, we cannot presume anything other than such an abuse of discretion, since the BIA's denial of relief can be affirmed only on the basis articulated in the decision." (internal quotation marks omitted)). However, even assuming that the BIA's explanation for rejecting the documents was

---

Cir. 2012, we remanded cases arguing a change in country conditions relating to an individual for the BIA to assess in the first instance the credibility of the evidence offered in support of the claim. Such a remand is not necessary here because the BIA has assessed and rejected the credibility of the evidence offered.

insufficient, remand is unnecessary, as the evidence goes only to Zhang's activities in the United States, not to any change in China. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (holding that remand is futile where the Court can confidently "predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks and citations omitted)).

Furthermore, as in *H-L-H-*, the BIA's decision not to give weight to the evidence is supported by the country conditions evidence. Zhang's evidence of political persecution pertained to individuals engaged in political activity in China, not the United States, and therefore did not demonstrate persecution of similarly-situated individuals sufficient to support his alleged fear. *See* 8 C.F.R. § 1208.13(b)(2)(iii).

Accordingly, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6