Simonchyk v. Sessions

BIA
A079 326 070

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand seventeen.

PRESENT:
> JON O. NEWMAN,
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> *Circuit Judges.*

_____

MARYIA VLADIMIROVNA SIMONCHYK,
> *Petitioner,*

> v.

Jeff Sessions, UNITED STATES
ATTORNEY GENERAL,*
> *Respondent.*

12-996
NAC

_____

FOR PETITIONER: Alexander J. Segal, Grinberg & Segal, P.L.L.C., New York, New York.

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Jeff Sessions is substituted for Eric H. Holder, Jr. as Respondent.

**FOR RESPONDENT:**                   Stuart F. Delery, Acting Assistant Attorney General; Leslie McKay, Assistant Director; Margot L. Carter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Maryia Vladimirovna Simonchyk, a native and citizen of Belarus, seeks review of a February 17, 2012 decision of the BIA denying her motion to reopen. *See In re Maryia Vladimirovna Simonchyk,* No. A079 326 070 (B.I.A. Feb. 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion, but review any findings regarding country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). An alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i);

2

8 C.F.R. § 1003.2(c)(2).  There is no dispute that Simonchyk's 2011 motion was untimely and number-barred because it was her second motion and was filed nearly 7 years after the BIA's 2004 decision.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).  However, the filing restrictions may be excused if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA's determination that Simonchyk failed to establish a material change in conditions in Belarus for political dissidents generally is supported by substantial evidence. "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).  While Simonchyk's evidence documents political unrest and abuses of

dissidents in the aftermath of the 2010 Belarusian presidential election, the BIA reasonably determined that the evidence at the time of her 2003 merits hearing detailed similar political unrest, claims of election fraud against President Lukashenko, and violence against political dissidents. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence lies largely within the discretion of the agency). Thus, the BIA did not abuse its discretion in concluding that Simonchyk failed to establish materially changed country conditions, based on the evidence concerning the 2010 Belarusian presidential election, for political dissidents in general. *See Jian Hui Shao*, 546 F.3d at 169.

The BIA, however, also rejected Simonchyk's changed-circumstances claim to the extent she presented evidence that the Belarusian government would persecute her *personally* based on her imputed political opinion, believing her to be a U.S.-affiliated political dissident. "We have not addressed in a precedential decision th[at] issue . . . *i.e.*, whether a change that pertains to a particular individual in his home country, as opposed to a general change in policy, is

4

sufficient to establish the changed country conditions necessary to excuse the 90-day time limitation on motions to reopen." *Chang Fan Zeng v. Holder*, 487 F. App'x 643, 644-65 (2d Cir. 2012) (summary order) (internal quotation marks omitted); *accord Shin Guo Chen v. Holder*, 482 F. App'x 659, 660 (2d Cir. 2012) (summary order); *Chunhua Jiang v. Lynch*, 621 F. App'x 24, 25 (2d Cir. 2015) (summary order); *Liang Shui Zhang v. Lynch*, 645 F. App'x 10, 12 n.2 (2d Cir. 2016) (summary order). We therefore GRANT in part the petition for review and remand to the BIA for its assessment of the reliability of the petitioner's individualized evidence or for its explanation, in a published decision, whether its construction of "changed country conditions" differs from that stated by the Seventh and Eleventh Circuits. *See Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1320 (11th Cir. 2009); *Joseph v. Holder,* 579 F.3d 827, 834 (7th Cir. 2009).

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case is remanded to the BIA for further proceedings consistent with this order. Any stay of removal that the Court previously granted in this

5

petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court